IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

   *Plaintiff / Counter-Defendant*,

v.

TYRONE STEPHENSON, *et al.*

*Defendants / Counter-Plaintiffs / Third-Party Plaintiffs*,

v.

BANK OF AMERICA NATIONAL
ASSOCIATION d/b/a BAC HOME LOANS
SERVICING, LP,

   *Counter-Defendants.*

Civil Action No. CV-11-P-1216-S
Removed from the Circuit Court of
Jefferson County, Alabama
Case No. CV 11-0050

## NOTICE OF REMOVAL

Defendants Bank of America, N.A. and BAC Home Loans Servicing, LP ("Bank Defendants"), by and through counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1348, 1367, 1441, 1446, and 1653, file this Notice of Removal, removing this civil action from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama. In support of the Notice of Removal, Defendants state as follows:

### I. FACTS AND PROCEEDINGS

1. On or about March 1, 2011, defendants Tyrone Stephenson and Tyeshia Donald ("Defendants") filed a civil countersuit in the Circuit Court of Jefferson County, Alabama ("Complaint") in response to Plaintiff, Federal National Mortgage Association's ejectment action, in which they made Bank Defendants parties to this action.

2. In Defendants' March 1, 2011 countersuit, Defendants incorrectly note that the property at issue is 1000 Mountain Oaks Drive, Birmingham, AL 35266.

3. On or about, March 22, 2011, Defendants filed Counter-Plaintiffs' First Amended Counter-Claim and Complaint ("Complaint"), which corrected the previously incorrectly noted property at issue to the correct property at issue, 1805 Clarendon Avenue, Bessemer, Alabama 35020 ("Property"). *See* March 22, 2011 Complaint. ("Compl.").

4. In the Complaint, Defendants assert the following bases of recovery against Plaintiff, Federal National Mortgage Association ("FNMA") and Bank Defendants: (i) negligence, wantonness, willfulness and/or malice; (ii) fraud; (iii) fraudulent suppression; (iv) fraudulent junk fees; (v) negligence in hiring, supervising, and/or training; (vi) unjust enrichment; (vii) wrongful foreclosure; and, (viii) violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* Compl., ¶¶ 28-71.

5. This removal is timely because Bank Defendants received the Complaint on March 11, 2011; therefore, the filing is within 30 days of such receipt. *See* 28 U.S.C. § 1446(b).

6. Defendant Bank of America, N.A. is, and was at the time of the filing of the Notice of Removal, a national banking association with its main office, as set forth in its articles of association, in North Carolina. Therefore, Bank of America, N.A is a citizen of North Carolina. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.")[1]; *see also* 28 U.S.C. § 1348 (stating that the Court has original jurisdiction over matters against a national banking association).

---

[1] All unpublished cases are attached hereto as **Exhibit A**.

7. Defendant BAC Home Loans Servicing, LP ("BAC") is a Texas limited partnership. The "citizenship of a limited partnership is based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). BAC has only two partners: BANA LP, LLC, and BAC GP, LLC. "[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Id.* at 1080 (collecting cases). BANA LP, LLC and BAC GP, LLC are wholly owned by Bank of America, N.A. As discussed above, Bank of America, N.A. is a citizen of North Carolina because that is the location its articles of association establish as its main office. Thus, for purposes of diversity, BAC is a citizen of North Carolina because each of BAC's partners are citizens of North Carolina. BAC is, and was at the time of the filing of the Notice of Removal, a citizen of North Carolina.

8. Fannie Mae is a federally chartered corporation, and was at the time of the commencement of this action, and is at the present time a citizen of Washington, D.C.

9. Plaintiffs are citizens of Alabama. *See* Compl., ¶ 1.

10. In compliance with 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders" received by Bank Defendants are attached hereto as **Exhibit B**.

11. In accordance with 28 U.S.C. § 1446(d), Bank Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama. Defendants Notice of Filing Notice of Removal attached hereto as **Exhibit C**.

12. In accordance with 28 U.S.C. § 1446(d), Bank Defendants have also given written notice to Defendants by contemporaneously serving this Notice of Removal on Defendants.

**I.     JURISDICTION AND VENUE**

13. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2010).

14. As required by 28 U.S.C. § 1441(a), Bank Defendants have removed this case to the United States District Court for the Northern District of Alabama, which is the District Court embracing the place where the State Court Action is pending. Accordingly, venue lies in this Court.

### A.     Federal Question Jurisdiction

15. The claims asserted in the Complaint rely upon duties created by Federal statute. Specifically, Defendants claim that Bank Defendants violated the Fair Debt Collections Practices Act and that FNMA and Bank Defendants violated the Home Affordable Modification Program ("HAMP"). *See* Comp., ¶¶ 57-67. Accordingly, Defendants' claims raise substantial Federal questions and the exercise of Federal jurisdiction would not disturb the balance between Federal and state judicial responsibilities. As such, this action is properly removable under 28 U.S.C. § 1441(a) and (b). *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 315 (2005) (federal jurisdiction exists where federal statute is essential element of plaintiffs claim); *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1308-1309 (11th Cir. 2001) ("[F]ederal courts have federal-question jurisdiction over suits in which a well-pleaded complaint establishes . . . that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law."). This Court has jurisdiction over the remaining counts pursuant to 28 U.S.C. § 1367.

### B.     Diversity Jurisdiction

16.     This Court also has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1348. Specifically, this civil action is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### 1. Complete Diversity of Citizenship Exists

17. Defendants are citizens of Alabama. None of the Bank Defendants, nor FNMA are citizens of Alabama. Specifically, as discussed above, Bank Defendants are citizens of North Carolina, and, FNMA is a citizen of Washington, D.C. Accordingly, there is complete diversity among the parties.

### 2. The Amount in Controversy is Satisfied

18. The Defendants seek equitable and injunctive relief and other unspecified damages. *See generally* Compl. The Defendants fail to specify a monetary demand. "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Accordingly, in such a case where the amount is not "clearly on the face of documents before the court," the amount in controversy requirement is nonetheless satisfied when the jurisdictional amount is "readily deducible from" such documents. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). To ascertain the amount in controversy, the court considers the notice of removal and all other evidence presented by the defendants, which can include both documents received from the plaintiffs and the Defendants' own evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). The court may, as appropriate, use "deduction, inference, or other extrapolation" to find the amount in controversy when it is not perfectly clear on the face of the documents. *Id.* at 754. "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Id.*

19. In the present case, the amount in controversy requirement is satisfied because Defendants contend that the foreclosure was wrongful and Defendants effectively seek to avoid their remaining debt owed. *See* Compl., ¶¶ 57-61. Currently, the Defendants owe a principal balance of $76,792.42 to Bank Defendants. *See* Current Account Statement, attached hereto as

**Exhibit D**. Further, the amount in controversy here can be established by the value of the Property and/or the amount of the mortgage debt at issue. *See Mapp v. Deutsche Bank National Trust Co.*, 2009 WL 3664118, *3 (M.D. Ala. 2009) (noting that the value of mortgaged property is more than just the value of the equity in the property because ownership of property is a "bundle of rights" including title to the home and the right to peaceful possession and enjoyment of the property and holding that these objectives are "best measured by the value of the home itself"). Moreover, by avoiding foreclosure and attempting to enjoin enforcement of this debt, Defendants effectively seek to avoid their debt of more than $76,792.42. *See* Exhibit D. Thus, the jurisdictional minimum is satisfied.

## II.   CONSENT OF DEFENDANTS

20.   This Notice of Removal is filed on behalf of Bank Defendants.

21.   FNMA has consented to the removal of this action. *See* Consent to Removal, attached hereto as **Exhibit E**.

22.   Pursuant to Rule 41(a) of the Alabama Rules of Civil Procedure, the consent of defendants Sirote & Permut, P.C. ("Sirote") is not required because on April 4, 2011, Defendants filed Third-Party Plaitiff's Motion to Dismiss Defendant Sirote & Permut, P.C. ("Motion to Dismiss Sirote") from this action. *See* Motion to Dismiss Sirote, attached hereto as **Exhibit F**.

23.   If any question arises as to the propriety of the removal of this action, Bank Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (announcing general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

## III.   CONCLUSION

For the foregoing reasons, Bank Defendants respectfully request that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this

Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

[SIGNATURES ON FOLLOWING PAGE]

Dated: April 8, 2011                    Respectfully Submitted,

*[signature]*
Alan M. Warfield
Kary B. Wolfe
*Attorneys for Bank Defendants and FNMA*

OF COUNSEL:

**Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre LLP**
1819 5th Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
(205) 244-5200 Telephone
(205) 244-5400 Facsimile
awarfield@joneswalker.com
kwolfe@joneswalker.com

## CERTIFICATE OF SERVICE

I certify that on the 8th day of April, 2011, I caused the copies of the foregoing to be sent via U.S. mail, postage-prepaid, to the following:

Wesley L. Phillips
PHILLIPS LAW GROUP, LLC
P.O. Box 130488
Birmingham, AL 35213
*Attorney for Defendants / Counter-Plaintiffs*

Alan M. Warfield
Kary B. Wolfe
*Attorneys for Bank Defendants and FNMA*

OF COUNSEL:

**Jones, Walker, Waechter, Poitevent,
   Carrère & Denègre LLP**
1819 5th Avenue North, Suite 1100 (35203)
P.O. Box 830642
Birmingham, AL 35283-0642
(205) 244-5200 Telephone
(205) 244-5400 Facsimile
awarfield@joneswalker.com
kwolfe@joneswalker.com