UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, }<br>}<br>}<br>    Plaintiff, }<br>}<br>v. }<br>}<br>TYRONE STEPHENSON, et al. }<br>}<br>    Defendants. } | CASE NO. 2:11-CV-01216-RDP |

## MEMORANDUM OPINION

This matter is before the court on the Motion to Remand and Award Attorney's Fees and Costs To Counter-Plaintiff Tyrone Stephenson (Doc. # 7), filed April 18, 2011. Defendant/Counter-Plaintiff Stephenson asserts that the removal of this action, based upon a third-party claim, is improper. (Docs. # 7, 17). The removing Third-Party Defendants, Bank of America, N.A. and BAC Home Loans Servicing, LP ("Third-Party Defendants" or "the Bank Defendants"), assert that removal is proper because the third-party claim at issue here raises a federal question, *i.e.,* a claim under the Fair Debt Collection Practices Act ("FDCPA"). (Docs. # 1, 18).

**I.    Background**

On September 9, 2010, Plaintiff/Counter-Defendant Federal National Mortgage Association ("Fannie Mae" or "Plaintiff") filed an ejectment action against Tyrone Stephenson and Tyeshia Donald ("Defendants/Counter-Plaintiffs/Third-Party Plaintiffs") in the Circuit Court of Jefferson County, Alabama. (Doc. # 1, Ex. A). On October 13, 2010, the case was transferred to the Bessemer Division. (Doc. # 1-2). On March 1, 2011, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs Stephenson and Donald filed an Answer, Counter-Claims and Third Party Complaint against

Plaintiff Fannie May and two third-parties, the removing Bank Defendants here.  (Doc. # 1-3). Among the claims asserted in Stephenson and Donald's Third Party Complaint is a claim under the FDCPA asserting that Third-Party Defendants Sirote Permutt and BAC "sued Counter-Plaintiff in the wrong judicial district and thereby violated the FDCPA by suing Counter-Plaintiff in a judicial district other than the judicial district in which the real property is located in violation of 15 U.S.C. § 1629i(a)(I)."  (Doc. # 1-3, ¶ 68).  On April 8, 2011, the Third-Party Defendants removed this case to this court asserting as a basis for the removal not only federal question jurisdiction, but also diversity jurisdiction.  (Doc. # 1).  Third-Party Defendants assert that removal is proper under 28 U.S.C. § 1441(a).  The court will address both bases for removal below.

## II.     Discussion

Federal courts have limited subject matter jurisdiction, and are empowered to decide only certain types of cases. *See Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000).  Removal statutes are to be construed narrowly, and jurisdictional uncertainties are to be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### A.     Diversity Jurisdiction

This action was removed by the Third-Party Defendants under Section 1441(a).  Thus, the first question to be resolved is whether a third-party defendant may properly remove an action to federal court. The removal statute, 28 U.S.C. § 1441(a) provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

28 U.S.C. § 1441(a).

Courts addressing the question of whether a third-party defendant is a "defendant" within the meaning of the statute, and therefore entitled to initiate removal, have overwhelmingly concluded that such third-party defendants are not defendants entitled to remove under § 1441(a). *See, e.g., First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002) ("Having carefully considered the issue, we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court."); *Penn v. Pierce*, 2008 U.S. Dist. LEXIS 73890 (M.D. Ala. Sept. 25, 2008)("The better view, consistent with the principle that removal jurisdiction is to be strictly construed, is that third-party claims are not removable, because only a party defending against claims asserted by a plaintiff ought to be able to remove.") (quoting J. Moore, *Moore's Federal Practice* 3d § 107.11[1][ b][ iv], at 107-35); *Moss Land and Mineral Corp. v. Fid. and Cas. Co. of New York*, 2003 WL 21360803 (N.D. Ala. 2003) ("Fidelity's status as a cross-claim defendant did not change magically at the moment of the dismissal of the original action. No metamorphosis took place to make the ugly non-removable caterpillar into a beautiful removable butterfly."); *Sanford v. Premier Millwork & Lumber Co.*, 234 F.Supp.2d 569, 571 (E.D. Va. 2002) ("[ T] he majority rule, and ... better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)."); *see also* 14C Wright, Miller & Cooper, *Federal Practice & Procedure* § 3731 (third-party defendants brought into state action by the original defendant cannot exercise the right of removal).

Some courts have noted that the Supreme Court has interpreted the word "defendant" in § 1441 narrowly, to exclude related parties such as third-party defendants, and has also admonished that the removal statute is to be construed narrowly due to federalism concerns. *E.g., First Nat. Bank of Pulaski,* 301 F.3d at 462 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).  The

Eleventh Circuit has not directly addressed this issue of third-party removals; however, based upon the well-reasoned majority view, which has been adopted by at least one other member of this court, the court holds that third-party defendants are not "defendants" entitled to exercise the right of removal under Section 1441(a).

### B.  Federal Question Jurisdiction

Generally, whether federal-question jurisdiction exists "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). Potential defenses involving the United States Constitution or laws of the United States are ignored. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The leading treatise on federal practice explains that, while most courts do not recognize a third-party defendant's right to remove, there is authority in this Circuit recognizing a very limited exception which relates to federal question jurisdiction:

> The question of which parties may exercise the statutory right of removal has been answered by Congress. Section 1446(a) of Title 28 authorizes removal only by the *state court defendants*; the right of removal is further limited by the basic principle that defendants may remove only on the basis of claims brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them.
>
> The limitations in the statute have been interpreted strictly by the federal courts, who often speak of the right of removal being limited to "true" defendants. Thus, the plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them. Nor can third-party defendants brought into the state action by the original defendant exercise the right of removal to the federal court, although there is authority to the contrary in the Fifth Circuit and, more recently, in the Eleventh Circuit.

14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3731 (3d ed.2001).

The exception to the rule - that only original state court defendants may remove a case - arises under 28 U.S.C. § 1441(c), which governs the removal of § 1331 (federal question) actions from state to federal court, and which provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

Notably, Third-Party Defendants assert that their removal is proper under § 1441(a) rather than §1441(c). However, even allowing them the benefit of the doubt, and analyzing their removal under this 1441(c) exception, the court finds that the removal of this action was improper.

The Fifth Circuit authority cited by Professor Wright is *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980). *Carl Heck* allowed a third-party defendant to remove under the then existing version of 28 U.S.C. § 1441(c) where a third-party claim asserted a "separate and independent claim or cause of action" under federal law. *Carl Heck*, 622 F.2d at 136. The new Fifth Circuit even extended the *Carl Heck* rule, allowing third-party defendants who were not parties to the original action to remove a case that contained a claim that was separate and independent from the original action. *See Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 816–17 (5th Cir. 1998).

However, even if that rationale were adopted here, the facts of this case simply do not fit the limited circumstances addressed in this line of cases. Here, the federal claim at issue is Defendants/

5

Third-Party Plaintiffs' FDCPA claim, which is not separate and independent from the rest of this case.  "Claims are not 'separate and independent' if they arise from an interlocked series of transactions."  *Southern Timber Co. v. Ellis*, 2008 WL 2987198 (N.D. Ga. 2008) (quoting *Persoff v. Aran*, 792 F.Supp. 803, 805 (S.D .Fla. 1992)).  The FDCPA claim here is inherently tied to the original ejectment claim.   The FDCPA claimants assert that the original ejectment claim was unlawful under the FDCPA because it was not filed in the correct district court (*i.e.*, the same judicial district in which the real property at issue is located.)  Because the FDCPA claim is not "separate and independent," the removal of this case was improper even under the *Carl Heck* line of cases.

Moreover, whether the *Carl Heck* line of cases is even still good law has been answered in the negative by at least one member of this court.  As to that issue, the Honorable William M. Acker, Jr. held:

> The Fifth Circuit found that it was proper to allow the entire case to be removed under 28 U.S.C. § 1441(c), and also was correct to retain jurisdiction over the third-party claim. Thereafter, § 1441(c) was amended by Congress. In this court's opinion that amendment wiped out *Carl Heck*. In fact, *Carl Heck* may have been a cause, if not the precipitating reason, for the Congressional tightening of the removal loophole that had been created by the Fifth Circuit in *Carl Heck*. Congress answered the question, making it no longer possible to remove an entire case and then to separate the removable from the non-removable. *A comparison of the § 1441(c) language, before and after Carl Heck proves that Carl Heck no longer reflects the law of any circuit.*

*Moss Land and Mineral Corp.*, 2003 WL 21360803 at *3 (emphasis added).

### III.  Conclusion

Even if the *Carl Heck* line of cases is still good law in this Circuit, the circumstances of this case do not fit within its narrow confines.  Resolving all doubts in favor of remand, as it is obliged

to do, the court concludes that it lacks subject matter jurisdiction, and that this action was improvidently removed. Therefore, this case is due to be remanded to the Circuit Court of Jefferson County, Alabama, Bessemer Division. However, because there was at least an arguable basis for the removal, although based on a position taken by only a minority of the courts, Defendants/ Third-Party Plaintiffs' request for an award of attorneys' fees is denied. A separate order in accordance with this Memorandum Opinion will be entered.

      **DONE** and **ORDERED** this   11th   day of May, 2011.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE